UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| SALAH HOBBI,<br><br>               Plaintiff,<br><br>v.<br><br>2U, INC.,<br><br>               Defendant. | Civ. No. 2:25-cv-02263 (WJM)<br><br>OPINION AND ORDER |

**WILLIAM J. MARTINI, U.S.D.J.:**

      This matter comes before the Court upon Defendant 2U, LLC's Motion to Transfer Venue to the United States District Court for the District of Delaware, or in the Alternative, to Dismiss the Complaint for Failure to State a Claim.[1] ECF No. 5. Plaintiff Salah Hobbi opposed, and 2U replied. ECF Nos. 7 & 8. For the reasons set forth below, 2U's motion to transfer venue to the District of Delaware is **GRANTED**.

**I.    BACKGROUND**

      Defendant 2U, LLC ("2U")—a Delaware corporation with its principal place of business in Lanham, Maryland—is an education technology company that offers online degree programs in fields such as data analytics. Compl. ¶¶ 1–2, 13, ECF No. 1. Plaintiff, a New Jersey resident, was employed by 2U from June 2019 to August 2024 as a lead instructor. *Id.* at ¶¶ 3, 11–12. He was initially assigned to a hybrid role based in New York, though eventually worked remotely from New Jersey. *Id.* at ¶ 20. As a condition of Plaintiff's employment, the parties executed an Employee Intellectual Property, Non-Competition, and Non-Solicitation Agreement ("Agreement"). *Id.* at ¶ 18(b). The Agreement contains several restrictive provisions, including: (1) IP assignment clauses requiring Plaintiff to assign to 2U ownership of works created during his employment; (2) a six-month post-employment non-compete restriction prohibiting work involving a competitor; and (3) a twelve-month non-solicitation clause preventing contact with 2U customers. *Id.* at ¶ 19, citing Agreement § 6. The Agreement also contains a Delaware choice-of-law provision and a forum selection clause requiring that "[a]ny action, suit, or proceeding brought by Employee arising out of, connected with, or related to the subject matter of this Agreement shall be brought exclusively in a state or federal court of Delaware with subject matter jurisdiction." Agreement § 11(b), Ex. B to Compl.

---

[1] 2U, Inc. converted to a limited liability company and is now 2U, LLC. Def. Mot. 1 n.1, ECF No. 5.

On August 15, 2024, Plaintiff was abruptly terminated from his position at 2U. Compl. ¶ 27. On April 3, 2025, he filed this lawsuit, seeking to invalidate provisions of the Agreement and recover monetary damages. *Id.* at ¶¶ 33–73. The Complaint asserts five causes of action: (1) declaratory judgment that the Agreement provisions are unenforceable; (2) declaratory judgment that the restrictive covenants violate the Sherman Antitrust Act; (3) rescission of the allegedly unlawful provisions; (4) declaratory judgment that the forum clause is unenforceable; and (5) monetary relief in the form of lost wages and attorney's fees. *Id.* Plaintiff alleges venue is proper because he resides in this District, the alleged harm occurred here, and key events underlying the claims took place here. *Id.* at ¶ 15. On June 16, 2025, 2U moved to transfer the case to the District of Delaware under 28 U.S.C. § 1404(a), citing the forum clause in the Agreement. ECF No. 5. In the alternative, 2U seeks dismissal under Fed. R. Civ. P. 12(b)(6). *Id.*

## II.   LEGAL STANDARD

Section 1404(a) provides for the transfer of a case where both the original and the requested venue are proper. *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 878 (3d Cir. 1995). A court may transfer a civil action to any other district where the case might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). A valid forum clause "may be enforced through a motion to transfer under [Section] 1404(a)." *Atlantic Marine Const. Co. v. U.S. Dist. Court for the W.D. Tex.*, 571 U.S. 49, 59 (2013). Where such a clause exists, the traditional Section 1404(a) analysis is modified in three ways. *In re McGraw-Hill Glob. Educ. Holdings LLC*, 909 F.3d 48, 57 (3d Cir. 2018) (citing *Atlantic Marine*, 571 U.S. at 64). "First, no weight is given to the plaintiff's choice of forum." *Id.* (citation omitted). Second, the court only considers public interest factors, rather than the parties' purported private interests. *Id.* (citation omitted). Third, when a case is transferred due to a forum selection clause, "a [Section] 1404(a) transfer of venue will not carry with it the original venue's choice-of-law rules." *Id.* (citation omitted). Since the public interest factors will "rarely defeat a transfer motion, the practical result is that forum-selection clauses should control except in unusual cases." *Atlantic Marine*, 571 U.S. at 51.

## III.   DISCUSSION

### A. Forum Selection Clause

Forum selection clauses are presumptively valid and enforceable. *Atlantic Marine*, 571 U.S. at 62. Such clauses are "prima facie valid and should be enforced unless enforcement is shown by the resisting party to be 'unreasonable' under the circumstances." *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10 (1972). Forum selection clauses are unreasonable where "(1) the clause itself is invalid for such reasons as fraud or overreaching; (2) enforcement would contravene a strong public policy of the forum in which suit is brought, or (3) trial in the contractual forum would be so gravely difficult and inconvenient that the resisting party would for all practical purposes be deprived of its day in court." *Knopick v. UBS AG*, 137 F. Supp. 3d 728, 732 (M.D. Pa. 2015) (citation modified).

2

2U argues that the Agreement's forum clause is valid and mandatory under *Atlantic Marine* and that Plaintiff cannot rebut the presumption of enforceability. Def. Mot. 9, ECF No. 5. While Plaintiff concedes the clause requires litigation in Delaware, he contends it is unenforceable because it is unreasonable, the result of overreaching, and would effectively deny him his day in court. Compl. ¶ 16. He alleges that the clause was imposed as a non-negotiable term during a brief digital onboarding process. Pl. Opp. 2. Plaintiff characterizes the Agreement as a contract of adhesion imposed by a party with superior bargaining power. *Id.* He further argues the clause is unreasonable because Delaware has no substantial connection to the dispute: 2U is headquartered in Maryland, Plaintiff worked remotely from New Jersey, and he never worked in Delaware. *Id.* at 4–5. Finally, Plaintiff asserts that enforcing the clause would impose an undue burden, as he is financially unable to litigate in Delaware. Compl. ¶ 71; Pl. Opp. 5.

While Plaintiff characterizes the Agreement as adhesive, *see* Compl. ¶ 71, no evidence before the Court establishes fraud, duress, unconscionability, or any conduct beyond the standard employment context. The mere fact that an employment agreement contains non-negotiable terms does not render a forum clause unenforceable, and courts routinely uphold such clauses "even in situations involving adhesion contracts, unequal bargaining power, and the absence of negotiations over the clause." *Heartland Payment Sys., Inc. v. Steves*, 2015 WL 7737344, at *3 (D.N.J. Dec. 1, 2015). Additionally, Plaintiff's argument that Delaware bears no substantial relationship to the dispute ignores that 2U is incorporated in Delaware, which provides a sufficient nexus for the forum clause under established precedent. *See M/S Bremen*, 407 U.S. at 10–12. The clause explicitly applies to disputes "arising out of, connected with, or related to the subject matter of this Agreement," and Plaintiff's claims directly challenge provisions of that very contract. *See* Agreement § 11(b); Ex. B to Compl. Finally, while Plaintiff claims financial hardship, he has not demonstrated that litigating in Delaware would, for all practical purposes, deprive him of his day in court. Given the presumption of validity and lack of evidence to the contrary, the Court concludes that the forum clause is enforceable.

### B. Transfer under Section 1404(a)

The Court next addresses whether transfer to the District of Delaware is appropriate.[2] In making this determination, the Court evaluates various public interest factors: the enforceability of the judgment; practical considerations that could make trial easier, quicker, or less costly; the relative administrative burden due to court congestion in each forum; the local interest in resolving local disputes at home; the public policies of the respective fora; and the trial judge's familiarity with the applicable state law in diversity cases. *Cent. Jersey Constr. Equip. Sales, LLC v. LBX Co. LLC*, 2021 WL 3130855, at *2 (D.N.J. July 21, 2021) (citing *Jumara*, 55 F.3d at 879-80). Because the forum clause is valid and enforceable, no weight is given to Plaintiff's choice to file in this District. *See In re McGraw-Hill*, 909 F.3d at 57 (citing *Atlantic Marine*, 571 U.S. at 64).

---

[2] Both the transferor and transferee forums are proper under § 1404(a).

Here, the public interest factors weigh in favor of transfer. First, regarding enforceability of judgment, Delaware's corporate law jurisprudence and established procedures for enforcing judgments against Delaware corporations slightly favors transfer, though a judgment rendered in either this District or in Delaware could easily be registered in another district. *See SI Power LLC v. Pathway Holdings Mgmt. V, LLC*, 2016 WL 7130920, at *9 (D.N.J. Dec. 7, 2016). The second factor also weighs slightly in favor of transfer because this case is at an early stage and primarily involves interpretation of contractual provisions rather than extensive fact-finding. Thus, practical considerations do not warrant its retention in this District. *See Saul v. Seeking Alpha Inc.*, 2023 WL 8091852, at *4 (D.N.J. Nov. 21, 2023). The third factor weighs in favor of transfer because this District has faced significant court congestion for years. *See id.* (citation and quotation marks omitted).[3] Fourth, Delaware has a legitimate interest in resolving disputes involving its corporate citizens, especially those concerning employment agreements executed by Delaware corporations. Fifth, Delaware's body of contract law and employment jurisprudence makes it well-suited to resolve these disputes. Finally, regarding familiarity with applicable law, while some of Plaintiff's claims could invoke New Jersey law, the core contractual issues can be adequately addressed by the Delaware court, which regularly applies the laws of other states. The Delaware choice-of-law provision in the Agreement further supports Delaware's competence to adjudicate these matters.

Accordingly, transfer of Plaintiff's claims against 2U under § 1404(a) is appropriate.

### IV. CONCLUSION AND ORDER

For the reasons stated, and for good cause shown,

**IT IS** on this \_\_11\_\_ day of August 2025 **ORDERED** as follows:

1. 2U's motion to transfer pursuant to 28 U.S.C. § 1404(a) (ECF No. 5) is **GRANTED**;

2. 2U's alternate request to dismiss this matter pursuant to Fed. R. Civ. P. 12(b)(6) is **DENIED** without prejudice; and

3. The Clerk of the Court shall transfer this action to the United States District Court for the District of Delaware and close the case insofar as it exists in this District.[4]

WILLIAM J. MARTINI, U.S.D.J.

---

[3] As of December 31, 2024, there were 82,074 pending cases in New Jersey and 2,118 pending in Delaware. *See* U.S. Courts, Civil Statistical Tables For The Federal Judiciary (Dec. 31, 2024), https://www.uscourts.gov/data-news/data-tables/2024/12/31/statistical-tables-federal-judiciary/c-1.

[4] The Court declines to address 2U's request for dismissal, which may be reasserted to the transferee court.